UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO: 12-198

WALTER JOSEPH PORTER, III ET AL.            SECTION: R


### ORDER AND REASONS


Before the Court is defendant Walter Porter's motion to continue the joint trial of Porter, Robert Taylor, London Carter and Terrance Scott Lodrig, currently set for November 12, 2013, or, in the alternative, to appoint substitute counsel for Porter. For the following reasons, the Court denies the request for a continuance and denies counsel's request for the Court to appoint substitute counsel.


I.    BACKGROUND

On May 24, 2012, the government issued a five-count indictment against Mr. Porter and Brian Keith Hayes, charging them with one count of conspiracy to commit armed bank robbery, two counts of armed bank robbery, and two counts of use of a firearm in furtherance of the bank robberies.[1]  The trial dates of July 30, 2012, October 15, 2012, January 14, 2013, and March

---

[1] R. Doc. 1.

18, 2013, were all continued on the motions of either Porter or Hayes.[2]

On May 9, 2013, the government filed a First Superseding Indictment, realleging Counts I-V against Porter and adding three new defendants: Robert Taylor, London Carter, and Terrance Scott Lodrig.[3]  Mr. Hayes negotiated a plea with the government and was not charged in the Superseding Indictment.  Taylor moved to continue trial on June 5, 2013, and the Court granted a fifth continuance, rescheduling trial for November 12, 2013.[4] According to the government, at a status conference held on July 11, 2013, it disclosed the possibility of a second superseding indictment that would include charges of money laundering in connection with the armed robberies.[5]

On August 5, 2013, the Court permitted Porter's attorney to withdraw as counsel and appointed Michele Fournet, the defendant's current attorney, to represent Porter.[6]  The government has indicated that on August 12, 2013, it provided Fournet with a duplicate package of all discovery material given to Porter's former counsel, along with materials relevant to the

---

[2] R. Doc. 27; R. Doc. 32; R. Doc. 43; R. Doc. 51.

[3] R. Doc. 57.

[4] R. Doc. 86.

[5] R. Doc. 139.

[6] R. Doc. 120; R. Doc. 121.

charges forthcoming in the Second Superseding Indictment.[7]

On August 22, 2013, the grand jury returned the Second Superseding Indictment, realleging Counts I-V and adding two additional counts.[8]  Count VI charged Lodrig, Porter's codefendant, with conspiracy by scheme and trick to make a false statement in a material federal matter.  The charge stems from an alleged agreement among the defendants to tell a false story about the laundering of Hayes and Lodrig's share of dye-stained loot from one of the two robberies.  Porter is mentioned in the overt acts as having attempted to clean red dye stain from the stolen money and having advised Hayes and Lodrig that they could exchange the money at a casino; however, he is not charged in Count VI.  Count VII charges both Porter and Lodrig with conspiracy to commit money laundering based on the same series of events.

On August 27, Fournet advised the Court that she had a previously scheduled vacation and would be unavailable the week of September 1, 2013.  The Court granted Fournet's motion for extension of time to file dispositive and Rule 404(b) motions in order to accommodate her schedule.[9]  The following day, Fournet moved to continue the trial for all defendants currently

---

[7] R. Doc. 139.

[8] R. Doc. 123.

[9] R. Doc. 134.

scheduled for November 12, 2013.[10]  In the alternative, she requests that the Court appoint substitute counsel.

## II.  DISCUSSION

The Speedy Trial Act requires that a defendant be tried within 70 days of the filing date of the indictment or the defendant's initial appearance, whichever is later. 18 U.S.C. § 3161(c)(1)(2008).  The purpose of the Act is "both to protect the defendant from undue delay in his trial and to benefit the public by ensuring that criminal trials are quickly resolved." *United States v. Willis*, 958 F.2d 63 (5th Cir. 1992). The Act creates certain narrow exceptions to the 70-day requirement and allows courts to grant continuances where "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 1361(h)(7)(A)(2008).  In making this determination, the judge must consider, among other factors:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the

_____

[10] R. Doc. 132.

4

existence of novel questions of fact or law, that it is
unreasonable to expect adequate preparation for pretrial
proceedings or for the trial itself within the time limits
established under the Act; or

(iii) Whether the failure to grant such a continuance in a
case which, taken as a whole, is not so unusual or so complex
as to fall within clause (ii), would deny counsel for the
defendant the reasonable time necessary for effective
preparation, taking into account the exercise of due
diligence.

§ 3161(h)(7)(B).  No continuance may be granted for a mere lack
of diligent preparation.  § 3161(h)(7)(C).

     An "ends of justice" continuance is a "narrow exception" to
the Speedy Trial Act, *United States v. Blackwell*, 12 F.3d 44, 47
(5th Cir. 1994)(quoting *United States v. Saltzman*, 984 F.2d 1087,
1090 (10th Cir. 1993), that should not be frequently employed.
*United States v. David*, No. CR.A. 94-381, 1995 WL 405707 at *2
(E.D. La. July 7, 1995) (citing *United States v. Clymer*, 25 F.3d
824, 828 (9th Cir. 1994)).  Moreover, the burdens involved in
assembling multiple defendants, witnesses, and lawyers at the
same time "counsel[] against continuances except for compelling
reasons." *Morris v. Slappy*, 461 U.S. 1, 11 (1983).

Though the Act guarantees a defendant at least thirty days from his first appearance with counsel to prepare for trial, § 3161(c)(2), a defendant is not automatically entitled to a new thirty-day trial preparation period merely because the grand jury returns a superseding indictment close to the trial date. *United States v. Rojas-Contreras*, 474 U.S. 231, 234-35 (1985). "The authority of the District Court to grant an 'ends of justice' continuance should take care of any case in which the Government seeks a superseding indictment which operates to prejudice a defendant." *Id.* at 236. A defendant therefore must demonstrate that the changes or additions in the superseding indictment have prejudiced her planned defense in order to receive a continuance of trial.

In the absence of such a showing, a district court is not bound to exercise its broad discretion to grant a continuance, even if the superseding indictment varies substantially from the original indictment. *United States v. Punelli*, 892 F.2d 1364, 1369 (8th Cir. 1990). This is especially true when the defendant had prior notice of the allegations forming the basis of the new charges in the superseding indictment. *United States v. Givens*, No. CR.A. 01-282, 2003 WL 22586093 at *2-3 (E.D. La. Oct. 29, 2003) (citing *United States v. Fesler*, 781 F.2d 384, 388 (5th Cir. 1986)); *United States v. Prince*, 214 F.3d 740, 763 (6th Cir. 2000). A district court therefore remains within the bounds of

the broad discretion granted to it so long as it does not "unreasonably and arbitrarily insist[] on an expeditious trial." *United States v. Jackson*, 978 F.2d 903, 912 (5th Cir. 1992).

## A.   Counsel's Motion to Continue Trial

Porter's attorney now urges the Court to continue trial for at least 90 days for the following reasons:  First, she argues that her simultaneous representation of Porter in a complex but entirely separate RICO case "vastly complicates trial preparation for the captioned matter, especially in light of the newly filed second superseding indictment."  Second, she asserts that "any conviction in the captioned matter has serious implications for the death-eligible RICO indictment," either as an aggravator in support of the death penalty should the government seek it, as Rule 404(b) evidence, or as "other crimes" evidence in support of the RICO conspiracy charge.  Finally, she warns that the current trial date will force her to neglect one case or the other "because of trial scheduling that is unreasonable under the circumstances."

Applying the factors set forth in the Speedy Trial Act, the Court does not find that its refusal to grant a continuance will "make a continuation of such proceeding impossible, or result in a miscarriage of justice."  Counsel was appointed on August 5, over three months before the scheduled trial date.  The Second

7

Superseding Indictment was filed on August 22, which still left counsel nearly three months to prepare.  Moreover, the government asserts (1) that it had already disclosed to Porter's former counsel its plan to bring money laundering charges against Porter, and (2) that Fournet was provided with discovery relating to those charges on August 12, shortly after her appointment and exactly three months before trial.

Though counsel now claims that the new charges in the superseding indictment further complicate trial preparation, she does not explain *how* the addition of the money laundering charge prejudices her planned defense.  Absent such a showing, that the government has brought additional charges is not a proper basis for the grant of a continuance.  This would be so even if the grand jury had returned the Second Superseding Indictment within the 30-day trial preparation period guaranteed by the Speedy Trial Act, *Rojas-Contreras*, 474 U.S. at 234-35.  Counsel can reasonably be expected to adapt her trial strategy within the allotted time when nearly three months lie between the superseding indictment and the trial date.  Moreover, the new charges in this case arise out of the same alleged conspiracy to commit armed robbery with which the defendant has been charged since the first indictment was returned in May 2012.

Nor does the Court find that this case "is so unusual or so complex, due to the number of defendants, the nature of the

prosecution, or the existence of novel questions of fact or law"
that it is unreasonable to expect adequate trial preparation
within the current time limits.  Though counsel has demonstrated
such complexity in the pending RICO trial, she has made no such
showing as to *this* case.  Her concerns regarding the implications
of a conviction in this case on the RICO charges facing the
defendant, while valid, are not a proper basis for granting a
continuance.  The RICO trial, which involves 14 defendants, five
of whom are death eligible, is currently set for February 3,
2014.  According to the government, none of the parties believes
this to be a realistic trial date.  The government has not even
determined whether it will seek the death penalty for any
defendant.  There is no basis for counsel's claim that the
possibility of trial at least five months in the future will
materially affect her ability to prepare for this unrelated case.
That a conviction could affect the outcome of Porter's RICO trial
has little to do with counsel's ability to prepare for the
current trial.  Further, it would be far less disruptive for
counsel to seek the appointment of substitute counsel in the RICO
matter, where Porter has a second defense attorney who could
bring newly appointed counsel up to speed, and where the new
attorney would have ample time to become familiar with the case.
*See United States v. Hughey*, 147 F.3d 423, 431 (5th Cir. 1998)
("Though an attorney has a conflicting engagement the court may

decline to postpone his case, necessitating his associating other counsel to handle one of the two commitments.") (quoting *In re Air Crash Disaster*, 549 F.2d 1006, 1019 n. 18 (5th Cir. 1977)).

Finally, the Court does not find that refusal to grant a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  Factors to be considered where a party complains of inadequate preparation time include: "(1) the amount of preparation time available, (2) whether the defendant took advantage of the time available, (3) the likelihood of prejudice from a denial, (4) the availability of discovery from the prosecution, and (5) the complexity of the case." *United States v. Lewis*, 476 F.3d 369, 387 (5th Cir. 2007).

All said, counsel will have had three months to prepare for trial, and collectively, Porter's attorneys will have had nearly 18 months, thanks to the five continuances already granted. *Cf. Morris*, 461 U.S. at 12 (upholding denial of a continuance where counsel had six days between appointment and trial to prepare); *Prince*, 214 F.3d at 762-63 (two weeks between superseding indictment and trial).  There is a low likelihood of prejudice to the defendant under these circumstances, given the time available for trial preparation and the amount of time that remains before the RICO trial, even assuming it goes forward on the currently

10

scheduled date, which is highly unlikely.

Moreover, it is necessary to consider prejudice to the interests of Porter's codefendants, none of whom has joined him in this motion. Any continuance granted by this Court would also apply to them. All three remain in custody pending trial.[11] The provisions of the Speedy Trial Act and the concomitant concerns for rights of the accused apply equally to these defendants, counseling against a continuance in the absence of a demonstration of necessity.

Counsel has not complained of any dilatory discovery tactics on the part of the government. Moreover, as discussed above, the complexity of the RICO case has no bearing on this case, and counsel has not argued, nor does this Court find, that the charges facing the defendant in this matter are particularly complex.

Further, counsel can avail herself of help from counsel for Porter's codefendants in order to hasten her familiarity with the case. The Court has already accommodated counsel's scheduled vacation by extending the conflicting filing deadlines. It is not prepared to require three men to continue languishing in jail while awaiting trial based simply on the transparently thin showing counsel has put forward here. *See United States v. Hanhardt*, 155 F.Supp.2d 861, 871 (N.D. Ill. 2001) ("The court's

---

[11] R. Doc. 71, R. Doc. 92, R. Doc. 109.

schedule is a matter of necessary discretion and should not be subordinated to the schedules of the lawyers that appear before it.  The judicial system depends on lawyers, as officers of the court, to accept cases and clients only to the extent that the lawyer is able to adequately represent them.") (citing *Morris*, 461 U.S. at 11).  Accordingly, counsel's motion to continue trial is denied.

## B.   Counsel's Motion to Appoint Substitute Counsel

"An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *United States v. Williams*, CR.A. 10-137, 2010 WL 4366044 at *1 (M.D. La. 2010) (citing *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989)).  The withdrawal of an attorney in a given case is a matter entrusted to the sound discretion of the court.  *Id.*  "It is incumbent on the court to assure that the prosecution of the lawsuit is not disrupted" by the withdrawal of counsel.  *Broughten v. Voss*, 634 F.2d 880, 882-83 (5th Cir. 1981); *see also F.T.C. v. Intellipay*, 828 F.Supp. 33, 34 (S.D. Tex. 1993) (denying counsel's motion to withdraw when "hardship would be imposed on the trial court, plaintiff, and defendants if counsel is permitted to withdraw approximately one month before trial.")

Counsel does not assert that any conflict of interest or lack of effective communication exists between her and her

client.  Her sole argument for withdrawal is that she cannot effectively prepare for both of Porter's trials.  As discussed above, Porter's RICO trial, currently scheduled to take place in February of 2014, is likely to be postponed, and Porter is represented by another attorney in addition to Fournet in that matter.  There is ample time for this able and experienced lawyer to handle both cases in her usual, highly competent manner.  In the present case, appointment of substitute counsel would leave Porter in no better position than the one he faces now, as new counsel would have less time to familiarize himself or herself with the charges than Fournet has been given.  Accordingly, counsel's motion to withdraw is denied.

**III. CONCLUSION**

For the foregoing reasons, counsel's motion to continue trial, or in the alternative, for the Court to appoint substitute counsel, is denied.

New Orleans, Louisiana, this __13th__ day of September, 2013.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

13