UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO: 12-198

WALTER JOSEPH PORTER, III ET AL.            SECTION: R

<u>**ORDER AND REASONS**</u>

Defendant Walter Porter moves to dismiss Count 7 of the Second Superseding Indictment, which charges him with conspiracy to commit money laundering.  In the alternative, Porter seeks a bill of particulars disclosing the nature of the statements that the Government alleges constitute the agreement to commit the offense.  Because the indictment is constitutionally sufficient and because the information defendant seeks is evidentiary in nature, the Court DENIES the motion and DENIES the request for a bill of particulars.

**I.   BACKGROUND**

Count 7 of the Second Superseding Indictment charges defendants Walter Porter and Terrance Lodrig with conspiracy to launder the proceeds of the August 26, 2011 armed robbery of the Capital One Bank located at 2200 North Causeway in Metairie, Louisiana.[1]  Count 7 realleges paragraphs C(1) through C(6) of

---

[1] R. Doc. 123.

Count 6 of the indictment, which charges Lodrig with a separate conspiracy to conceal the source of the stolen funds from agents of the Federal Bureau of Investigation.  Relevant here is paragraph C(1), which alleges:

> [o]n or before August 27, 2011, Porter, [sic] advised BKH and **LODRIG** that the dye-stained bank robbery proceeds from Capitol One [sic] could be spent or exchanged at a casino or other similar place, after defendants **LODRIG**, Porter, and BKH and others, [sic] attempted to clean the red dye stain form the money by washing it in a washing machine; . . .[2]

The paragraphs that follow allege that several named and unnamed coconspirators agreed to exchange the dye-stained bills at Harrah's Casino and to create a cover story to tell law enforcement if they were questioned about how they acquired the bills.[3]  Finally, Count 7 charges Porter and Lodrig as follows:

> Beginning at a time unknown, but no later than on or about August 26, 2011 and continuing until on or about August 28, 2011, and thereafter, in the Eastern District of Louisiana and elsewhere, the defendants, **WALTER JOSEPH PORTER, III, a/k/a "Moonie," a/k/a "Eurkel," TERRANCE SCOTT LODRIG, a/k/a "T-Lo"**, and co-conspirators T.W., K.T., G.C., E.B., K.J., AJ.B. and others known and unknown to the Grand Jury, knowing that property involving financial transactions afecting interstate commerce represented the proceeds of some form of unlawful activity, to wit; armed robbery, did knowingly and intentionally combine, conspire, confederate, and agree with each other and with persons both known and unknown to the Grand Jury to violate Title 18, United States Code, Section 1956, knowing that the transactions were designed in whole and [sic] in part to conceal and disguise

---

[2] *Id.* at 6.

[3] *Id.* at 6-7.

the nature, location, source, ownership, and the control of the proceeds of such specified unlawful activity, in violation of Title 18 United States Code, Section 1956(a)(1)(B)(I); all in violation of Title 18 United States Code, Section 1956(h).[4]

Porter's attorney wrote to the Assistant United States Attorney requesting additional information relating to the alleged agreement between Porter and the named and unnamed coconspirators.[5]  Specifically, she stated:

the indictment is completely unclear as to whether Mr. Porter *directed* the others to go to the casino, *suggested* to others that they go to the casino, or whether he simply made an off-hand comment on which the others acted independently of him.  The indictment does not even allege that Mr. Porter knew that the alleged coconspirators were planning to, and did, go to the casino in an attempt to launder the money. . . .

Accordingly, I would request answers to the following questions on an informal basis, if possible, to avoid litigation.  Does the government that [sic] Mr. Porter directed the others to go to the casino?  Does the government alleged [sic] that Mr. Porter specifically suggested that the others take the money to a casino for the purpose of laundering it?  Does the government allege that Mr. Porter made an offhand remark regarding various methods of cleaning dyed money and the others acted independently?  Does the government allege that Mr. Porter know [sic] that the others were going to take the money to the casino and attempt to launder the money?  I am hoping you can answer these specific questions.[6]

---

[4] *Id.* at 8.

[5] R. Doc. 161-2.

[6] *Id.*

After setting forth the relevant law, the government responded:

> The indictment is sufficient to make Porter "acutely aware of the approximate time frame and circumstances behind the alleged money laundering conspiracy and the government's basic theory" of the case.

> The government hereby indicates that the evidence it plans to produce at trial consists not only of the specified items but also, [sic] of testimony generally describing the alleged criminal scheme of conspiring to convert each of the defendants [sic] shares of the bank robbery money at casino's [sic] and through other devices which would accept the dye stained money and permit it's [sic] conversion to non dye-stained money and the ancillary spending of the dye stained money on property and items all designed to hide the source of the money and its ownership by one or more of the bank robbery defendants.[7]

Porter now moves to dismiss Count 7.  In the alternative, he requests a bill of particulars containing answers to the questions posed in his attorney's letter to the Government.

## II.   LEGAL STANDARD

Under Federal Rule of Criminal Procedure 12(b), "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue."  In the Fifth Circuit, "[t]he propriety of granting a motion to dismiss an indictment under [Rule] 12 by pretrial motion is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact."  *United States v. Flores*, 404 F.3d 320,

---

[7] R. Doc. 161-3 at 2.

4

324 (5th Cir. 2005).  "If a question of law is involved, then consideration of the motion is generally proper."  *Id.*

   "An indictment is sufficient if it contains the elements of the charged offense, fairly informs the defendant of the charges against him, and ensures that there is no risk of future prosecutions for the same offense."  *United States v. Thomas*, 348 F.3d 78, 82 (5th Cir. 2003) (quoting *United States v. Sims Bros. Constr., Inc.*, 277 F.3d 734, 741 (5th Cir. 2001), *reh'g denied*, 31 Fed.App'x 837 (5th Cir. 2002)).  "All that is necessary in charging conspiracy is certainty, to a common intent, sufficient to identify the offense which the defendants conspired to commit . . . ."  *United States v. Cuesta*, 597 F.2d 903, 917 (5th Cir. 1979) (quoting *Williamson v. United States*, 207 U.S. 425, 447 (1908)) (internal quotation marks omitted).  "The test for validity is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards."  *United States v. Gordon*, 780 F.2d 1165, 1169 (5th Cir. 1986).  As a general rule, it is sufficient to set forth the offense "in the words of the statute itself as long as the statutory language unambiguously sets out all the elements necessary to constitute the offense."  *Id.*

## III. DISCUSSION

The elements of conspiracy to commit money laundering are (1) an agreement between two or more persons to commit money laundering and (2) that the defendant joined the agreement knowing its purpose and with the intent to further the illegal purpose. *United States v. Fuchs*, 467 F.3d 889, 906 (5th Cir. 2006) (citing *United States v. Meshack*, 225 F.3d 556, 573-74 (5th Cir. 2000)). "Direct evidence of a conspiracy is unnecessary; each element may be inferred from circumstantial evidence." *Id.* (quoting *United States v. Casilla*, 20 F.3d 600, 603 (5th Cir.1994)). The government is not required to prove an overt act in furtherance of the conspiracy. *Id.* (citing *Whitfield v. United States*, 543 U.S. 209, 219 (2005)). Moreover, it need not allege the elements of the underlying substantive crime of money laundering. *United States v. Threadgill*, 172 F.3d 357, 366-67 (5th Cir. 1999).

The indictment alleges an agreement between Porter and the named and unnamed coconspirators by stating that Porter and others "did knowingly and intentionally combine, conspire, confederate, and agree with each other" to commit money laundering. The indictment also alleges that Porter joined the agreement "knowingly" and "knowing that the transactions were" in violation of 18 U.S.C. § 1956(a)(1)(B)(I). As for the final element of intent to further the illegal purpose, "intent to

6

accomplish an object cannot be alleged more clearly than by stating that parties conspired to accomplish it." *Gordon*, 780 F.2d at 1170 (quoting *United States v. Purvis*, 580 F.2d 853, 859 (5th Cir. 1978) (quoting *Frohwerk v. United States*, 249 U.S. 204, 209 (1919))).

All of the elements of the offense are alleged in the indictment.  The indictment fairly informs the defendant of the charges against him and is sufficiently specific to ensure that there is no risk of future prosecutions for the same offense. The Government is not required to disclose any specific statements that it may believe constituted the agreement.  *See United States v. Lozano*, 158 F.App'x 632, 637-38 (5th Cir. 2005) (holding that the recitation of an element in the indictment would be sufficient without any allegations relating to the element in the overt acts).  This is especially true considering a jury could lawfully convict the defendants without any direct proof of an explicit verbal agreement.  *See Casilla*, 20 F.3d at 603.  *See also United States v. Zamora*, 661 F.3d 200, 209 (5th Cir. 2011) *cert. denied*, 132 S.Ct. 1771 (2012) ("An express agreement is not required; a tacit, mutual agreement with common purpose, design, and understanding will suffice.") (quoting *United States v. Lewis*, 476 F.3d 369, 383 (5th Cir. 2007).

The Court also determines that a bill of particulars is not warranted in this case.  The standard for a motion for a bill of

7

particulars is very similar to the criteria for the sufficiency of an indictment.  *United States v. Hamlin*, 68 F.3d 469, at *1 (5th Cir. 1995) (unpublished).  The purpose of a bill of particulars is to apprise a defendant of the charges against him with enough detail to allow him to prepare his defense.  *United States v. Kirkham*, 129 F. App'x 61, 72 (5th Cir. 2005) (unpublished) (citing *United States v. Montemayor*, 703 F.2d 109, 117 (5th Cir.1983)).  *See also Hamlin*, 68 F.3d 469, at *1 ("A bill of particulars is not required if a defendant is otherwise provided, *inter alia*, with sufficient information to enable him to prepare his defense and avoid surprise.") (quoting *United States v. Moody*, 923 F.2d 341, 351 (5th Cir. 1991)).  A bill of particulars may not be used to obtain a detailed disclosure of the government's evidence prior to trial.  *United States v. Scheur*, CRIM.A. 07-169, 2008 WL 490339, at *2 (E.D. La. Feb. 20, 2008) (quoting United States v. Perez, 489 F.2d 51, 70-71 (5th Cir. 1973)).

In response to Porter's request a bill of particulars, the Government has disclosed the following information, most of which was already contained in the indictment:

> As the indictment supports, Walter J. Porter, III was involved in two bank robberies, the second of which resulted in the staining of the bank robbery proceeds by dye packs. Porter, [sic] washed the money in a washing machine in a failed attempt to launder it to remove the dye stain.  Once the money was dried and in the view of the robber's [sic] for each of their share [sic], it was apparently still stained.  Each robber, faced with Porter's failure to clean

the money, was "told" by Porter that they could exchange the
money at various places including casinos.  Such actions
would both disguise the fact that the money was bank robbery
proceeds and prevent its being traced back to the robbers.
In fact, each of the bank robbers exchanged their share of
the dye stained money at various places or had others
exchange their share of the money for them, including the
Harrah's casino located in downtown New Orleans.  Porter
while not physically present when several of the other
robbers share [sic] of the money was being laundered at
Harrah's Casino, the day after the robbery, was busy
laundering his share of the dye stained proceeds elsewhere
in the same manner.[8]

This notice, together with the contents of the indictment,

is more than sufficient to apprise Porter of the charges against

him and to permit him to prepare his defense.  *See United States*

*v. Salyer*, CR-S-10-0061 LKK GGH, 2011 WL 6026119, at *2 (E.D.

Cal. Dec. 2, 2011) ("A bill of particulars, unlike discovery, is

not intended to provide the defendant with the fruits of the

government's investigation.  Rather, it is intended to give the

defendant only that minimum amount of information necessary to

permit the defendant to conduct his *own* investigation.") (quoting

*United States v. Smith,* 776 F.2d 1104, 1111 (3d Cir. 1985)

(internal citations omitted, emphasis in original).

To the extent that Porter may be seeking to obtain the

testimony of government witnesses relating to the alleged

agreement, that material is governed by the Jencks Act, 18 U.S.C.

§ 3500, not the standard for a bill of particulars.  Finally, "if

---

[8] R. Doc. 170 at 5.

a defendant has participated in a conversation . . . alleged in a count, courts have found that the defendant had sufficient knowledge of the incident and could hardly have been surprised by the government's proof at trial." *United States v. Espy*, CRIM. A. 96-198, 1996 WL 637759, at *2 (E.D. La. Nov. 4, 1996) (citing *United States v. Cole,* 755 F.2d 748, 760 (11th Cir. 1985) (internal quotation marks omitted)).

## IV.  CONCLUSION

For the foregoing reasons, the Court DENIES defendant Walter Porter's motion to dismiss Count 7 of the Second Superseding Indictment and DENIES his request for a bill of particulars.

New Orleans, Louisiana, this __16th__ day of December, 2013.

*Sarah Vance*

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE