```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA                        CRIMINAL ACTION

VERSUS                                          NO: 12-198

WALTER JOSEPH PORTER, III ET AL.                SECTION: R
```

### ORDER AND REASONS

    Defendant Walter Porter has filed a motion to compel discovery pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G), arguing that the Government's disclosures relating to the expected testimony of its cell site location expert are deficient.  Porter seeks a continuance of the January 21, 2014 trial date on the basis that his own cell site location expert lacks sufficient time to conduct radio frequency analyses of the relevant cell towers.  In a separate motion, Porter requests a continuance to permit his DNA expert, Dr. Hampikian, to examine the validation studies that have not yet been made available to him.

    Regarding Porter's motion to compel, the Court concludes that the Government's disclosures have been sufficient given the limited purpose for which it intends to use the cell cite location evidence.  The Government states that it has provided all documents and information within its control concerning the

cell phone records, and it has communicated to defendant that it intends to use this information for the limited purpose of showing that the cell phone in question connected with cell towers in the proximity of Baton Rouge, Louisiana, Fort Walton Beach, Florida, and the Biloxi/Gulfport area near Treasure Bay Casino and Palace Casino during the days of August 26-28, 2011. Defendant is in possession of the records showing these connections.  Accordingly, Porter's motion to compel is denied, and his accompanying motion to continue trial on grounds relating to the cell site location evidence is also denied.

As for Porter's second motion to continue, his attorney apparently encountered difficulties in obtaining a complete copy of the validation studies for use by Porter's DNA expert despite the good-faith efforts of both the Government and counsel to provide an electronic copy and thereby avoid the expense of requiring Dr. Hampikian to travel to Quantico, Virginia to examine the originals.  The Government does not dispute that Porter is entitled to have an expert analyze this material.  Dr. Hampikian expects to receive a copy of the studies today and requires additional time to review the information.  Accordingly, the Court finds, after considering the factors in 18 U.S.C. § 3161(h)(7), that the ends of justice served by allowing defendants additional time to prepare before trial outweigh the best interest of the public and the defendants in a speedy trial.

Failure to grant the continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

As for Porter's requests for additional DNA discovery, they are not the proper subject of a motion to continue, and the Government contends that it has provided all of the information in its possession. Regarding his assertion that certain additional DNA samples require testing, those samples have been available for some time, and Porter is free to examine and test those samples in the time that remains before the new trial date of March 17, 2014.

New Orleans, Louisiana, this ___9th___ day of January, 2014.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE